IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEE ANDREW FOSTER, JR.**
**ADC #142627** **PLAINTIFF**

**v.** **No. 4:23-cv-1150-DPM-BBM**

**JAZMINE SAIH, Registered Nurse, Well Path; and AUNDREA CULCLAGER, Deputy Director of Health and Correctional Programs** **DEFENDANTS**

**ORDER**

On *de novo* review, the Court partly adopts and partly declines the recommendation, *Doc. 92*. Fed. R. Civ. P. 72(b)(3). The Court sustains Foster's objections about his requests for admission as to Nurse Saih and overrules them as to Deputy Director Culclager, *Doc. 93-2*.

Foster argues that a genuine issue of material fact exists because Nurse Saih didn't respond to his requests for admissions, *Doc. 26*, and thus admitted them. *Doc. 93-2*. He's right that Nurse Saih admitted the requests. Fed. R. Civ. P. 36. Whether her admissions create a genuine issue of material fact is a closer question. Deputy Director Culclager, though, responded, *Doc. 29*; and she contends Nurse Saih's admissions shouldn't affect her liability. *Doc. 33*. The Court agrees. The recommendation is adopted as to Deputy Director Culclager.

The only issue Nurse Saih's admissions may affect is whether she's the reason Foster's colonoscopy was never rescheduled. *Doc. 92 at 15.* The record is fuzzy on this point. Nurse Saih and Deputy Director Culclager both speculate that the procedure wasn't rescheduled because of Foster's noncompliance with his provider's instructions. While Foster's failure to comply with his bowel prep caused his September 2023 colonoscopy to be cancelled, *Doc. 66-4*, the Court sees nothing solid of record indicating that his failure is also why someone didn't reschedule the procedure. Foster told Nurse Saih that he was "feeling much better" in October 2023, but that statement addresses his issues with being on the liquid diet, not his bowel problems. *Doc. 74-12.* In August 2024, Foster complained about blood in his stool again and later refused to be seen by a doctor. *Doc. 66-2 at 8, 103-04 & Doc. 66-5.* But that interaction and recalcitrance doesn't address why his colonoscopy wasn't rescheduled a year earlier. His June 2025 refusal form also doesn't state whether it's related to his colonoscopy. *Doc. 66-6.*

Nurse Saih admitted that she said that Foster "could no longer place medical request concerning stomach problems" after his canceled colonoscopy. *Doc. 26 at 2.* Her admission indicates she had a role in deciding whether Foster could be seen for his stomach problems, and may have prevented him from getting a rescheduled colonoscopy in late 2023. The record needs further development on this issue. And the

Court would also benefit from focused briefing, and another recommendation, on it after that development. Given the age of this case, the Court requests the parties to sprint to clarify the record. And the Court requests another recommendation by 31 December 2026.

Nurse Saih's motion for summary judgment, *Doc. 72*, and Foster's motion for summary judgment, *Doc. 58*, are denied without prejudice. Deputy Director Culclager's motion for summary judgment, *Doc. 66*, is granted. The Court directs the Clerk to terminate Deputy Director Culclager as a defendant. The Court refers the case back to the Magistrate Judge.

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 September 2026